**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **AUTHOR J. MANNING, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 6:24-CV-00021-JDK-JDL** |
| | § | |
| **v.** | § | |
| | § | |
| **MICROSOFT, INC., ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Author J. Manning, Jr., proceeding *pro se*, filed the above styled lawsuit on January 22, 2024. (Doc. No. 1.) Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 5.) Having reviewed the pleadings in this action pursuant to 28 U.S.C. § 1915(e)(2), the court has determined that, for the reasons stated herein, the allegations fail to state a claim for relief and are wholly frivolous. Accordingly, the court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Plaintiff's complaint alleges that Defendants have engaged in various instances of business fraud and/or unauthorized use of Plaintiff's intellectual properties. (Doc. No. 1.) Given the convoluted nature of Plaintiff's allegations, the Court finds it appropriate to let Plaintiff's complaint speak for itself:

> The Defendant Microsoft Inc. markets and sells the Plaintiff s Intellectual Property Valued Items For Profit, Computers, Personal Computers, Mobile Gamin Hardware and Software, Android Phones, iPhones, iPods, Smart Phones and accessories. Smart Tvs [sic]. The Defendants committed Plagiarism with the Plaintiff s work by not given credit to the Plaintiff Author J Manning II Jr Ownership of the company,

1

the Defendant did not give credit to the Plaintiff for his new developments The X-Box video game console marketed (2003) the issues have been a problem since the (1990s)[.] . . .

The Plaintiff is the original maker of Major Corporations and their Intellectual Property Valued Items, their material, and inventions of the; Computer, Mobile Phone, Android Smart Phones, iPhones, Video Games, and is the original founder and owner of Nintendo, Sony PlayStation, Sony PlayStation Interactive, X-Box, Microsoft, The Internet, Artary, Sega Genesis, Mobile Video Games, Apps, Personal Computers, and others. Marketed and Sold by the Defendant's (1980) though some have committed plagiarism and do not give the Plaintiff Author J Manning II Jr credit for his work, the same case in point for the Microsoft Inc. . . .

The Plaintiff Author J Manning II Jr Alleges that the Defendant Corporation Microsoft Inc. was originally intellectual property designed and founded by him. The Plaintiff made the original intellectual property valued designs of the Defendant s personal computer the Personal Computer video game concept. The Plaintiff Alleges that the Defendant Microsoft Inc. Learned the new business plans and concepts while working in a employee position, taking the project competitively and never returning the revenue. . . .

All Defendants businesses were suspected developed using the Plaintiff's Resources from Corporations Owned by the Plaintiff Prior to the (1980)s and From the Plaintiff's Treasuries of sales, earning growing interest, management was trusted by employees while the Plaintiff was distracted managing other businesses, development, and Sports Contract. The Defendant has entered the Android and Smart Phone business without contract agreement from the Plaintiff or the Plaintiff's other businesses. The Defendant has marketed and sold the Plaintiff's intellectual property and intellectual property valued items, titles, designs, material and series, the[sic][.] . . .

The Defendant [Bill Gates] Markets and sells the Plaintiff's Intellectual Property Valued Products and items, Materials, Trade Secrets Micro-SFT, Micro-Technology, Computers, Android Smart Phones and Device. The Plaintiff is the original Maker and Founder of the Defendant Microsoft Corporations illegally Copyright Violated as being owned by the Defendant Bill Gates. The Defendant markets and Sell the Plaintiff s Intellectual Property Valued Products and Items, Trade Secrets, Product Titles, and Materials the Video Game Console, The X-Box Video Game Consoles and others. . . .

The Defendant's Bill Gates Affiliate Kathy White has took the Plaintiff's money while managing his Assets, Has not paid the Plaintiff Author J Manning II his Assets since the early (1990)s. The money was from other corporations owned by the Plaintiff paid by business check form. The Defendant is suspected of mortgage loan fraud, antitrust, in illegal trade with others interested in candidacy for President, and others who are interested in Franchise status similar to Jerry Jones'[.]

2

The Defendant is suspected to have loaned the Plaintiff's money to these illegal traders and not paying the Plaintiff his Revenue. The Defendant makes transactions with other parties, some are Defendants marketing and selling the Plaintiff's new business designs. Vehicle Name Brand Model Designs, Computers, Android Smart Devices, Costume and Character Designs, New Entertainment Production Designs, Graphic Designs, and others. She has been identified on three of the Plaintiff's properties since the (1980)s [sic] two domestic themes and one business and is witness to the Plaintiff's ownership of his residence now in dispute and has not represented for the Plaintiff. . . .

The Value of the items and materials Are valued at more than $999,999,000,000,000,000[.]

(Doc. No. 1.)

## LEGAL STANDARD

When a plaintiff seeks leave to proceed *in forma pauperis*, the court shall dismiss the case if the court determines that Plaintiff's allegations are frivolous or fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8 (To state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought"). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678.

The pleading of a *pro se* plaintiff is to be "liberally construed" and is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient for a well-pleaded complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. S. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)). If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Moreover, a complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

## DISCUSSION

Liberally construed, Plaintiff alleges that Defendants have engaged in various instances of business fraud and/or unauthorized use of Plaintiff's intellectual properties. However, even under a liberal reading of the complaint, Plaintiff does not state a claim for relief. For instance, regarding Microsoft, Plaintiff claims that he is the original creator of Microsoft, Inc., the personal computer, and the personal computer game concept, and that Bill Gates and Kathy White took his business plans and computer concepts without authorization or compensation. (Doc. No. 1, at 2.) Plaintiff also claims that Bill Gates and Kathy White "took the Plaintiff's money while managing his Assets [sic]" and have not paid him back "since the early (1990)s [sic]." *Id.* at 3. Further, Plaintiff claims

that Kathy White "is suspected of mortgage loan fraud, antitrust, in illegal trade with others interested in candidacy for President, and other who are interested in Franchise status similar to Jerry Jones' [sic]." *Id.* Regarding the other Defendants, Plaintiff claims that "all Defendants businesses were suspected developed [sic] using the Plaintiff's Resources from Corporations Owned by the Plaintiff Prior to the (1980)s [sic] and From [sic] the Plaintiff's Treasuries of sales, earning growing [sic] interest, management was trusted by employees while the Plaintiff was distracted managing other businesses, development, and Sports Contract." *Id.* at 2.

Here, Plaintiff's allegations are, at best, conclusory and devoid of any factual content that would allow the court to draw the reasonable inference that Defendants have engaged in any wrongdoing. *See Taylor*, 296 F.3d at 378; Fed. R. Civ. P. 8. At worst, Plaintiff's complaint is delusional and thus subject to dismissal as factually frivolous. *See Samford*, 562 F.3d at 678 (holding that a complaint may be dismissed as factually frivolous when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless"); *see also Lewis v. Country of Russia*, No. 418CV00124ALMCAN, 2019 WL 2246574, at *3 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted*, No. 4:18-CV-124, 2019 WL 2225358 (E.D. Tex. May 23, 2019) (finding plaintiff's allegations of government-sponsored terrorism, surveillance, and international conspiracies "baseless" and "spun entirely from fantasy"); *McLean v. Obama*, No. CIV.A. 15-8, 2015 WL 3966426, at *2 (E.D. La. June 30, 2015) (finding plaintiff's allegation that several former U.S. Presidents and others conspired with the DOJ and the Judiciary to "murder her husband, steal his weather control device, and launder money from federal programs" appropriately fell into the category of "fantastical and delusional" claims).

Having conducted a screening pursuant to 28 U.S.C. § 1915(e)(2), the court finds that this action should be dismissed as frivolous and for failure to state a claim. Traditionally, district courts

permit a pro se plaintiff an opportunity to amend his complaint before dismissing the case; however, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Here, Plaintiff's core allegations are clearly delusional. There is no reason to believe that he could amend his complaint in a way that would make it viable. Dismissal is therefore appropriate.

**CONCLUSION**

For the reasons stated above, the court **RECOMMENDS** that that Plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and as frivolous.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of February, 2024.

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE